ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES G. TRUMP SR,
    PETITIONER

V.                                      NO. 05-323

THOMAS CARROLL WARDEN,
    RESPONDENT

FILED
MAY 23 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## PETITION

NOW COMES PETITIONER, JAMES G. TRUMP SR, UNDER 28 U.S.C. § 2254 FOR A WRIT OF HAPEAS COPRUS BY A PERSON IN STATE CUSTODY.

DATED: 5/2/05

James G. Trump Sr, pro se
JAMES G. TRUMP SR
DEL. CORR. CENTER
1181 PADDOCK ROAD
SMYRNA, DE. 19977

## NATURE AND STAGE OF THE PROCEEDINGS

On July 9, 1998, a Delaware Superior Court jury convicted the petitioner, James G. Trump Sr. of (15) counts of first degree unlawful sexual intercourse. That court subsequently sentenced petitioner to (15) consecutive fifteen year sentences totaling 225 years. That court affirmed his conviction on direct appeal. Trump v. State 753 A.2d 963 (Dec. 2000). Grounds on appeal were: improper vouching by prosecutor in closing statement, admission of uncharged acts, insufficient evidence and permitting cross examination on irrelevant family court case. Trump filed a motion for post-conviction relief under Superior Court Criminal Rule 61, but withdrew the motion before it was decided. He then sought habeas relief citing the same grounds. That petition was denied on Nov. 14, 2003. Trump v. Kearney, Civ. Act. No. 01-109-KAJ (D.Del.). Trump returned to Superior Court and filed a 2nd motion for post-conviction relief on Dec. 15, 2003. On Aug. 2, 2004 the court denied the motion on an expanded record as procedurally barred under alternative provisions of Crim. Rule 61(i). On Aug. 11, 2004, Trump filed a motion for reconsideration and was denied as untimely. Trump then filed notice of appeal on Sept. 16, 2004 and that motion was denied on Nov 29, 2004, because a claim of insufficient evidence does not provide a basis for habeas relief and other grounds time barred.

GROUND ONE - <u>VINDICTIVE PROSECUTION</u>

BEFORE PLAINTIFF WAS CHARGED OR INDICTED WITH THESE CRIMES THE ALLEGED VICTIM ORIGINALLY SAID HER BIOLOGIC FATHER COMMITTED THEM. WHEN THE PROSECUTION DETERMINED THEY COULD NOT SUSTAIN A CONVICTION AGAINST THE FATHER THEY WENT AFTER PLAINTIFF AND SUBSEQUENTLY CHARGED AND INDICTED HIM ON 35 COUNTS OF 1ST DEGREE UNLAWFUL SEXUAL INTERCOURSE. BEFORE TRIAL COMMENCED IT WAS SHOWN PLAINTIFF COULD NOT HAVE COMMITTED 11 OF THE SAID CHARGES BECAUSE HE WAS IN JAIL SO THEY WERE DROPPED PROVING THE ALLEGED VICTIM LIED AND THE STATES ATTORNEY NOW KNEW HER TO BE A LIAR YET THEY CONTINUED ON WITH THE CASE WITHOUT ANY EVIDENCE OTHER THAN HER WORD A CRIME HAD EVEN BEEN COMMITTED. THERE WAS ABSOLUTELY NO MEDICAL OR PHYSICAL EVIDENCE TO SUBSTANTIATE THESE ALLEGATIONS AND GIVEN THE VICTUMS AGE, 12, AND HER PHYSICAL DESCRIPTION, 5'4" 95 lbs. COMPARED TO THE PLAINTIFFS 6', 170 LBS FRAME THERE SURELY SHOULD HAVE BEEN A CONSIDERABLE AMOUNT OF BOTH PHYSICAL AND MEDICAL EVIDENCE. YET INCREDIBLY THE PROSECUTOR STILL VOUCHED FOR THE ALLEGED VICTUMS CREDIBILITY EVEN THOUGH HER TESTIMONY WAS EXTREMELY IMPRECISE. AND HE KNEW BECAUSE ANY REASONABLE PERSON WOULD HAVE KNOWN SHE WAS LYING DUE TO ALL THE PREVIOUS LIES THAT WERE PROVEN AGAINST HER. THE STATES ATTORNEY TOOK FULL ADVANTAGE

OF THE FACT THAT MR. TRUMPS COURT APPOINTED ATTORNEY WAS NOT DOING ANYTHING TO DEFEND HIM AND THAT IN ITSELF IS AN ETHICAL VIOLATION OF ALL THAT IS JUST AND FAIR. AN ATTORNEY IS TO REPRESENT HIS CLIENT TO THE BEST OF HIS ABILITY AND THAT CLEARLY WAS NOT HAPPENING HERE. IT STANDS TO REASON THAT EVIDENCE HAD TO BE FABRICATED TO SECURE AN INDICTMENT ON THE 11 CHARGES THAT WERE LATER DROPPED BECAUSE PLAINTIFF PROVED HE WAS IN JAIL AT THE TIME THE ALLEGED VICTIM SAID THEY WERE BEING COMMITTED. THE STATES ATTORNEY VOUCHED FOR VICTIM DEPRIVING PLAINTIFF OF THE RIGHT TO A FAIR TRIAL THUS CAUSING REVERSIBLE ERROR AND THEREFOR GROUNDS FOR A NEW TRIAL

GROUND TWO – <u>JUDICIAL MISCONDUCT</u>

THE JUDGE HAS AN IMMANENT OBLIGATION TO INVESTIGATE THE LAW BECAUSE HE IS A MEDIATOR OF JUSTICE AND IN THIS CASE HE DID NOTHING TO MAKE SURE JUSTICE WAS SERVED. HE KNEW OR SHOULD HAVE KNOWN THIS ALLEGED VICTIM WAS LYING WHEN SHE HAD ORIGINALLY IMPLICATED HER FATHER AND THEN SAID PLAINTIFF DID THE CRIMES. BUT WHEN THE STATE MOVED TO DROP 11 CHARGES THAT WERE SHOWN COULD NOT HAVE HAPPENED BECAUSE PLAINTIFF WAS IN JAIL, TRIAL JUDGE SHOULD HAVE KNOWN SOMETHING WAS NOT RIGHT WITH ALLEGED VICTIMS STORY. THE

JUDGE SAID NO PHYSICAL EVIDENCE IS NEEDED TO CONVICT BUT PLAINTIFF ASSERTS AGAIN HIS PHYSICAL DESCRIPTION COMPARED TO HER STATUE AND SIZE THERE SHOULD HAVE BEEN SOME MEDICAL CORRABORATING EVIDENCE YET NONE WAS PRESENTED BECAUSE THERE WAS NONE AND IN THIS INSTANCE SOME EVIDENCE SHOULD HAVE BEEN MANDATORY. ANYONE CAN SAY ANYTHING BUT THERE MUST BE SOME EVIDENCE TO SUBSTANTIATE ANY CHARGED CRIME AND THIS CASE HAD NONE BUT THE ALLEGED VICTUMS WORD AND IT HAS BEEN CLEARLY SHOWN SHE HAS ALREADY LIED. TO REITERATE - WITH HER PHYSICAL SIZE AT THE TIME THE ALLEGED CRIMES WERE COMMITTED THERE SHOULD HAVE BEEN AN ABUNDANCE OF EVIDENCE CONSISTENT WITH THIS TYPE OF CRIME. THE JUDGE LET THE STATES ATTORNEY VOUCH FOR THE ALLEGED VICTUMS CREDIBILITY, WHEN HE KNEW THERE WAS NOTHING TO SUBSTANTIATE THE ALLEGATIONS, IN HIS CLOSING STATEMENT. THE JUDGE SHOULD HAVE GIVEN THE JURY INSTRUCTIONS TO DISREGARD SUCH VOUCHING AND SINCE THE COURT FAILED TO TAKE STEPS TO MITIGATE THE EFFECTS OF THAT ERROR A NEW TRIAL MUST BE ORDERED. COURTS HAVE RULED, THAT ALONE IS PLAIN AND REVERSIBLE ERROR, FOR AN EXPERT WITNESS FOR THE STATE TO DIRECTLY OR INDIRECTLY EXPRESS AN OPINION REGARDING THE CREDIBILITY OR VERACITY OF ANOTHER WITNESS AND THEREFORE IS GROUNDS FOR A NEW TRIAL. THE COURT RULED THAT SINCE THE JURY FOUND PLAINTIFF GUILTY THERE MUST HAVE BEEN ENOUGH EVIDENCE AND HE COULD NOT ARGUE