INSUFFICIENT EVIDENCE TO CONVICT. PLAINTIFF HOWEVER ARGUES TO THIS COURT THAT BECAUSE STATE DROPPED 11 CHARGES BEFORE TRIAL BEGAN BECAUSE VICTIM LIED AND THE JURY FOUND PLAINTIFF NOT GUILTY OF 9 MORE CHARGES THERE MUST BE SOME DISCREPENCY INVOLVING WHAT EVIDENCE WAS PRESENTED. WHY IS/WAS HER WORD SUFFICIENT TO ESTABLISH GUILT BEYOND ALL REASONABLE DOUBT WITHOUT ANY OTHER CORRABORATING EVIDENCE? THE STATE COURT IS TRYING TO HOLD PLAINTIFF TO A HIGHER STANDARD AND UNDERSTANDING OF THE LAW THAN HIS ATTORNEY WHEN IT SAID "A DEFENDANT MUST TIMELY OBJECT DURING ACTUAL TRIAL TO IMPROPER STATEMENTS MADE DURING CLOSING ARGUMENTS OR TO THE ADMISSABILITY OF EVIDENCE IN ORDER TO PRESERVE THE RIGHT TO RAISE THESE ISSUES ON APPEAL". A LAWYER IS APPOINTED TO REPRESENT HIS CLIENT TO THE BEST OF HIS ABILITY. IF HE DOES NOT DO THIS THE JUDGE SHOULD HAVE BEEN ABLE TO RECOGNIZE THIS BEING ADEPT IN THE LAW AS HE IS AND HE SHOULD HAVE DONE SOMETHING ABOUT THE INEFFECTIVENESS PLAINTIFF'S LAWYER WAS EXHIBITING. THE FAMILY COURT MATTER PLAINTIFF WAS QUESTIONED ABOUT HAD NO DIRECT BEARING ON THIS CASE AND SHOULD NOT HAVE BEEN ALLOWED TO BE PRESENTED. NEITHER PLAINTIFFS ATTORNEY NOR THE TRIAL JUDGE OBJECTED TO THIS, A CLEAR VIOLATION OF SELF-INCRIMINATION. PLAINTIFF LIED TO FAMILY COURT NOT OUT OF DECEIT, AS STATE WOULD HAVE JURY BELIEVE, BUT TO GIVE A FAMILY STRUCTURE TO A LOVED ONE AND THE COURT BEING THE MEDIATOR OF

JUSTICE SHOULD NOT HAVE ALLOWED THE STATE TO ADMIT SUCH EVIDENCE DURING THE TRIAL.

## CONCLUSION

ACCORDING TO THE "AEDPA" 28 U.S.C. §2254(b)(1) THE STATE PRISONER MUST GIVE STATE COURTS ONE FULL OPPORTUNITY TO RESOLVE ANY CONSTITUTIONAL ISSUES BUT PLAINTIFF CAN GET TO FEDERAL COURT IF: (ii) "CIRCUMSTANCES EXIST THAT RENDER SUCH PROCESS INEFFECTIVE TO PROTECT THE RIGHTS OF APPLICANT." WHEN THE INTERESTS OF JUSTICE SO REQUIRE, THE COURT MAY CONSIDER AND DETERMINE ANY QUESTIONS. THIS PLAINTIFF HAS PRESENTED MANY QUESTIONS THAT NEED ANSWERS. PLAINTIFF ASSERTS THAT HIS LAWYERS INEFFECTIVENESS IS A PROCEDURAL DEFAULT TO THE EXTENT THAT IT IS PREJUDICIAL, AND STATES RULE 61 TIME BAR SHOULD NOT MEAN ACTUAL INNOCENT PERSONS REMAIN IN JAIL. PLAINTIFF FEELS IT IS USELESS TO PRESENT THESE GROUNDS TO STATE COURT BECAUSE BOTH THE STATES ATTORNEY AND TRIAL JUDGE HAVE NOT BEEN ACTING IN THE INTEREST OF JUSTICE. THE PROSECUTOR HAS BEEN PRESENTING FALSE AND TAINTED EVIDENCE AND THE JUDGE ALLOWED IT TO CONTINUE. TO PRESENT THESE GROUNDS AGAIN WOULD BE FUTILE BECAUSE STATE COURTS IGNORED THE OBVIOUS VIOLATIONS DURING TRIAL, AFTER TRIAL ON DIRECT APPEAL AND IN ALL PRIOR APPLICATIONS TO ALL COURTS CONCERNING THIS PLAINTIFF. IT WOULD BE A COMPLETE MISCARRIAGE OF JUSTICE FOR THIS COURT NOT TO ACCEPT THIS PETITION ON ITS FACE VALUE AND OVERTURN PLAINTIFFS CONVICTION.
I DECLARE UNDER PENALTY OF PERJURY THE FOREGOING IS TRUE.
DATED: 5/2/05

James H. Trump & pro se

## Certificate of Service

I, _James B Trump SR_, hereby certify that I have served a true and correct cop(ies) of the attached: _PETITION FOR A WRIT OF HAPEAS COPRUS_ upon the following parties/person (s):

TO: _Thomas E. Brown (Bar ID 3278)_
_Deputy Attorney General_
_Department of Justice_
_State Office Building_
_820 N. French Street_
_Wilmington, DE 19801_

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this _5_ day of _MAY_, 2005`

_James B Trump Sr_

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, DE
19801-3570



U.S.M.S.
X-RAY

WILMINGTON, DE 19850

MAY 20 2005