IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES G. TRUMP, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. A. No. 05-323-KAJ |
| ) | |
| THOMAS CARROLL, Warden, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

In February 2001, Petitioner James G. Trump, Sr. filed his first petition for federal habeas relief, challenging his 1998 conviction and sentence for first degree unlawful sexual intercourse. He alleged: 1) there was insufficient evidence to support his conviction; 2) the state court erred by admitting evidence of prior uncharged oral sex with the victim; 3) the trial court violated Trump's constitutional right to a fair trial by permitting him to be cross-examined about an "irrelevant" Family Court proceeding; and 4) during closing argument, the prosecutor improperly vouched for the victim's testimony. *Trump v. Kearney*, 2003 WL 22769598 (D. Del. Nov. 14, 2003). I denied Trump's first habeas petition, and the Third Circuit Court of Appeals denied his request for a certificate of appealability. *Trump v. Kearney*, C.A. 04-1057, Order (3d Cir. July 28, 2004).

Presently before the Court is Trump's new petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (D.I. 1; D.I. 2.) Trump's new petition,

dated May 2, 2005, challenges his 1998 sentence conviction and sentence, asserting that: 1) the State engaged in vindictive prosecution because there was not enough medical and physical evidence to convict him; and 2) the judge engaged in judicial misconduct by letting the prosecutor vouch for the victim's testimony because there was not enough physical and medical evidence, and Trump was in jail when the acts occurred. (D.I. 2.)

Pursuant to § 2244(b)(3) (A) of the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), "[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).  A habeas petition is classified as second or successive if a prior petition has been decided on the merits, and the prior and subsequent petitions challenge the same conviction.  *See In re Olabode,* 325 F.3d 166, 169-73 (3d Cir. 2003)(finding that petitioner's initial successful motion to reinstate his right to appeal did not render his subsequent motion to vacate sentence following re-sentencing a "second or successive motion" under AEDPA because the subsequent motion did not attack the judgment at issue in the first motion); *Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000)("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition"); 28 U.S.C. § 2244(a).

Here, both of Trump's § 2254 petitions challenge the same 1998 conviction and sentence for first degree unlawful sexual intercourse.  Trump's new petition essentially

re-asserts the claims presented in his first habeas petition. I adjudicated Trump's first habeas petition on the merits.[1] Consequently, Trump's new petition is a second or successive petition under 28 U.S.C. § 2244(b).

The record reveals that Trump has not obtained leave from the Court of Appeals for the Third Circuit to file the instant petition. Pursuant to 28 U.S.C. § 2244(b)(3), I will dismiss Trump's new petition.

THEREFORE, at Wilmington this 16th day of June, 2005; IT IS ORDERED that:

1. Petitioner James G. Trump, Sr.'s petition for habeas corpus relief is dismissed and the writ is DENIED. (D.I. 1; D.I. 2.)

2. Trump has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not warranted. See United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

3. Pursuant to Rules 3(b) and 4, 28 U.S.C. foll. § 2254, the clerk shall forthwith serve a copy of the petition and this order upon: (1) the

---

[1] I denied three claims in Trump's first petition as procedurally defaulted. In accord with other circuits, the Third Circuit views a dismissal for a procedural default as an adjudication on the merits for the purpose of determining whether a subsequent habeas application is successive or second. See Hernandez v. Diguglielmo, 2005 WL 331734, at *2 (E.D. Pa. Feb. 10, 2005)(collecting cases); Rauso v. Pennsylvania Board of Probation & Parole, 2004 WL 1126283, at *1 (E.D. Pa. May 20, 2004)(in denying petitioner's § 2244 motion for leave to file a second or successive habeas petition, the "Third Circuit noted that the prior habeas petition had been dismissed for procedural default and that procedural default is a dismissal on the merits for purposes of requiring leave to file an application to file a second or successive habeas petition."). I denied Trump's insufficient evidence claim on the merits for not satisfying the standard in 28 U.S.C. § 2254(d)(1).

3

above-named warden of the facility in which petitioner is housed; and (2) the Attorney General for the State of Delaware.

_____
United States District Judge